IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| CERTAIN UNDERWRITERS AT LLOYD'S, LONDON and PRIME INSURANCE COMPANY,<br><br>            Plaintiffs,<br><br>v.<br><br>DESTINATION SHUTTLE SERVICES, NTI-CA INC. d/b/a DESTINATION SHUTTLE SERVICES, ALCOCER, INC. d/b/a NTI-CA, SHUTTLE SMART, INC., BRIAN LOTT, and JAMES R. GLEICH,<br><br>            Defendants. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS<br><br><br>Case No. 2:21-CV-417 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on a Motion to Dismiss filed by Defendants NTI-CA, Inc., Alcocer, Inc., and James R. Gleich (collectively, "Defendants"). For the reasons discussed below, the Court will grant the Motion and dismiss this action without prejudice for lack of subject matter jurisdiction.

## I. BACKGROUND

This insurance dispute arises out of policies issued by Plaintiffs to Defendants and Defendants' alleged breach of the self-insured retention provision of those policies. Plaintiffs assert this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because there is complete diversity between Plaintiffs and Defendants, and the amount in controversy exceeds $75,000. Defendants seek dismissal on a number of grounds. Because Plaintiffs have failed to establish complete diversity, the Court will limit its discussion to that issue.

## II.  DISCUSSION

"Federal courts are courts of limited jurisdiction."[1]  "Congress has authorized the federal

district courts to exercise jurisdiction over certain cases between citizens of different states."[2]  To

establish diversity, there must be "complete diversity between all named plaintiffs and all named

defendants."[3]  The "party invoking diversity jurisdiction bears the burden of proving its

existence by a preponderance of the evidence."[4]

The question presented here is the citizenship of Plaintiff Certain Underwriters at

Lloyd's, London.  The Society of Lloyd's ("Lloyds")—a non-party to this action—is a society

incorporated by an Act of the United Kingdom Parliament in 1871.[5]  Lloyds is not an insurer.[6]

Rather, the insurers are underwriting members of Lloyd's who assume the risk of any insurance

loss.[7]  Members "can be people or corporations"[8] and those members may join together to form

entities called "syndicates."[9]

"The majority of courts addressing the issue have decided that when a complaint has been

brought on behalf of or against certain underwriters at Lloyd's of London, the citizenship of all

---

[1] *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

[2] *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014) (citing 28 U.S.C. § 1332(a)(1)).

[3] *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005).

[4] *Middleton*, 749 F.3d at 1200.

[5] Docket No. 44-1 ¶ 14.

[6] *Id.* ¶ 16.

[7] *Underwriters at Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079, 1083 (11th Cir. 2010).

[8] *Id.*

[9] Docket No. 44-1 ¶ 18.

the underwriters constituting the syndicate is determinative for purposes of diversity

jurisdiction."[10]  Plaintiffs' Complaint fails to identify the citizenship of any underwriter and thus

fails to establish diversity.

Plaintiffs argue that diversity has been established because Lloyd's is a foreign

corporation, citing the Tenth Circuit determination in *Society of Lloyd's v. Reinhart* that Lloyd's

was incorporated under the laws of England and maintained its principal place of business in

London, England.[11]  Plaintiffs' reliance on *Reinhart* is misplaced because Lloyd's is not a named

party to this action.  Rather, "it is *the underwriters*, not Lloyd's, who are the parties to this

lawsuit."[12]

Plaintiffs assert that complete diversity remains even considering the citizenship of the

underwriters.  Plaintiffs point to the Supplemental Declarations attached to two of the policies at

issue.[13]  But the Supplemental Declarations only identify the pseudonym and number of the

syndicates, not the citizenship of the syndicates or their underwriting members.  Moreover, the

Supplemental Declarations make clear that "each member of the syndicate (rather than the

syndicate itself) is an insurer."[14]  Thus, even if the Supplemental Declarations provided

information concerning the citizenship of the syndicate, it would not be useful.

---

[10] *Certain Underwriters at Lloyd's v. New Prime Inc.*, No. CIV-20-810-F, 2020 WL 4805458, at *1 (W.D. Okla. Aug. 18, 2020) (collecting cases).

[11] *Society of Lloyd's v. Reinhart*, 402 F.3d 982, 1002 (10th Cir. 2005).

[12] *Osting-Schwinn*, 613 F.3d at 1091.

[13] Docket No. 2-2, at 4; Docket No. 2-5, at 4.

[14] Docket No. 2-2, at 4; Docket No. 2-5, at 4.

Plaintiffs also provide the Declaration of David McBride, Executive Vice-President of Lloyd's claims handling agent, which states that the seven members identified in the Supplemental Declarations "are each domiciled in, and citizens of, London, England."[15] Mr. McBride provides no support for this statement and, as noted, the Supplemental Declarations do not actually identify the members, only the pseudonym and numbers of the syndicates involved. The citizenship of the syndicates is irrelevant to the question of diversity and there is no indication that Mr. McBride reviewed the citizenship of the underlying members of the syndicates.

In sum, Plaintiffs have provided no evidence as to the citizenship of the underwriting members. Without that information, Plaintiffs have failed to meet their burden to establish complete diversity and this action must be dismissed.

### III.  CONCLUSION

It is therefore

ORDERED that Defendants' Motion to Dismiss (Docket No. 37) is GRANTED as set forth above.

DATED this 11th day of January, 2022.

BY THE COURT:

_____

Ted Stewart
United States District Judge

---

[15] Docket No. 44-1 ¶ 26.